# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA D. R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:20-cv-01098-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING THE DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

In December 2016, Plaintiff applied for disability, alleging disability beginning since December 15, 2016. Plaintiff's applications were denied initially and upon reconsideration. (Administrative Record ["AR"] 63-73, 74-86.) A hearing took

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

place on May 8, 2019 before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 189.)

In a decision dated June 5, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: postural orthostatic tachycardia syndrome; complex regional pain syndrome; Ehler-Danlos Syndrome; inflammatory liver disease/fatty liver; and obesity. (AR 17-18.) After finding that Plaintiff's impairments did not meet or equal any listed impairment (AR 20-22), the ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform a range of sedentary work as follows: Plaintiff can occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; can stand and walk two hours out of an eight hour day; can sit for six hours out of an eight-hour day; can frequently push and pull; cannot climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and cannot be exposed to hazards such as dangerous moving machinery or unprotected heights. (AR 19.) Relying on the VE's testimony, the ALJ concluded that Plaintiff is capable of performing past relevant work as a director of educational programs and marketing director. Accordingly, the ALJ found Plaintiff not disabled from December 15, 2016 through June 5, 2019, the date of the ALJ's decision.

The Appeals Council subsequently affirmed the ALJ's decision on May 1, 2020 (AR 1-6) rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ erred in her assessment of Plaintiff's ability to perform her past relevant work.
2. Whether the ALJ erred in her assessment of Plaintiff's subjective complaints.

///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the threshold for substantial evidence is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1149, 1154 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly consider and evaluate her subjective complaints.

A. <u>Plaintiff's Subjective Complaints</u>

As the ALJ noted, Plaintiff alleges that she is disabled due to postural orthostatic tachycardia syndrome, complex regional pain syndrome, Ehler-Danlos Syndrome, inflammatory liver disease/fatty liver, and obesity. (AR 17-18.) Plaintiff has undergone several operations and received treatments for pain management. In March 2018, Plaintiff underwent a left lumbar sympathetic block with fluoroscopic guidance, followed by two spinal cord stimulator leads in the epidural space, with fluoroscopic guidance and complex programming. (AR 21, 460-61.) In July 2018, Plaintiff underwent an implant of two spinal cord stimulator leads with implantation

of one spinal cord stimulator generator, with fluoroscopic guidance and complex programming, but continued to experience pain. (AR 21, 459.) In November 2018 and January 2019, Plaintiff reported burning pain in her left greater than right lateral ankle, left ball of foot, and dorsum of left foot region. (AR 464, 468, 472.) Plaintiff received multiple steroid injections in November 2018, but alleges that by January 2019 her lateral thigh pain continued. (AR 462, 468, 469.) She claims that as a result of ongoing pain, she has difficulty focusing after fifteen minutes when symptoms are typical. (AR 200.) She lays down for most of the day and needs help with laundry, buying groceries, and running errands. (AR 200.) Plaintiff can only drive approximately five miles if necessary a few days per week. (AR 201.) When driving longer distances, Plaintiff must ensure there will be a place for her to rest when she arrives. (AR 201.) Plaintiff testified that after trying to help clean her home for the holidays, her symptoms were aggravated, and she spent Christmas in bed. (AR 201.)

Plaintiff claims that although she spends a typical day watching YouTube videos, browsing Facebook, podcasting, or sculpting, these activities are performed in her own home at her own pace. (ECF 20 at 7-8, AR 51.) Plaintiff alleges that her pain levels dictate her level of activity, and she is only able to podcast when she feels well enough to do so. (ECF 20 at 7-8, AR 51.) Regarding her daily activities, Plaintiff testified that she maintains a podcast, sculpts, uses a computer to blog, uses social media websites, and watches YouTube. (AR 51.)

B. Relevant Law

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of her symptoms. *Trevizo*

*v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider include conflicts between the claimant's testimony and the claimant's conduct – such as daily activities, work record, or an unexplained failure to pursue or follow treatment – as well as ordinary techniques of credibility evaluation, such as internal contradictions in the claimant's statements and testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). In addition, although an ALJ may not disregard a claimant's testimony solely because it is not substantiated by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in making a credibility assessment. *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005).

C. <u>Analysis</u>

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms including pain, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence on the record. The ALJ provided the following reasons for discounting Plaintiff's subjective complaints: (1) the objective medical evidence did not support the extent of Plaintiff's alleged pain and limitations; (2) Plaintiff's symptoms improved with

treatment; and (3) her daily activities indicated greater function than she alleged. (AR 20-22.)

### 1. Objective Evidence

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (lack of objective medical evidence to support claimant's subjective complaints constitutes substantial evidence in support of an ALJ's adverse credibility determination). Here, the ALJ found that the objective evidence did not support the limitations alleged by Plaintiff. After discussing the objective medical evidence, the ALJ observed:

> the claimant testified that she needs a wheel chair for traveling more than 20 to 30 feet, but the claimant's primary care provider noted, at times, that the claimant stands and walks without an assistive device (Exhibit 9F/6, 10, 14, 18, 22, 26). The consultative examiner, Dr. Bernabe, also noted that the claimant had a normal gait and did not use an assistive device (Exhibit 3F/4). The objective medical evidence, moreover, which included a normal EMG/NCS study, does not fully support the claimant's alleged level of limitation.

(AR 22, citing AR 300, 464, 468, 472, 476, 470, 484.). Consequently, while the ALJ afforded some weight to Plaintiff's subjective complaints, she rejected them to the extent that they suggested Plaintiff suffered from more pain and limitation than incorporated in the ALJ's RFC. As set forth above, the objective medical evidence includes only physical impairments and reports of fluctuating pain, with no functional limitations suggested due to Plaintiff's subjective reports of pain. (AR 20-22, 462, 464, 74, 476, 536, 556.) In light of the record, the ALJ properly relied upon the absence of objective medical support as a factor in her decision to discount

Plaintiff's subjective complaints; however, that factor may not be the sole basis for the ALJ's determination. *See Burch*, 400 F.3d at 681.

## 2. Effectiveness of Treatment

Impairments that can be controlled effectively with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (holding that denial of benefits was proper where the claimant's impairments were responsive to medication); *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (finding that the ALJ's conclusion that the claimant's pain was not completely disabling because it was adequately controlled with medications was valid and supported by the record). On the other hand, because cycles of improvement and debilitating symptoms are common, it is error for an ALJ to select a few isolated instances of improvement over a period of months or years and treat them as a basis for concluding a claimant is capable of working. *Garrison*, 759 F.3d at 1017. The fact that a claimant experienced a brief period of relief from treatment does not support a finding that her pain was controlled. *Lopez v. Colvin*, 194 F. Supp. 3d 903, 911 (D. Ariz. 2016); *see also Tritchler v. Berryhill*, 2018 WL 6443119, at *5 (C.D. Cal. Oct. 3, 2018). The ALJ must show that the treatment was capable of providing lasting relief. *See Lopez*, 194 F. Supp. 3d at 911; *see also Tritchler*, 2018 WL 6443119, at *5.

Here, the ALJ relied on excerpts from the medical record. As discussed above, Plaintiff received treatment and underwent procedures to improve her symptoms and pain, starting with January 2017 treatment notes that reported Plaintiff saw improvement in her pain with a higher dose of the Exalgo medication and overall better sleep. (AR 20, 277.) After that, in July 2017, Plaintiff was reported to have a normal gait, was off all narcotics, and saw great improvement in her pain with the use of marijuana oil. (AR 21, 556.) The ALJ also noted that in July 2018, Plaintiff reported that her spinal cord stimulator implants reduced her pain by 50 percent, as she stood and ambulated without an assistive device that day and had normal pain --

although plaintiff still reported burning pain in her left and right ankles, left ball of foot, and dorsum of left foot region that day. (AR 21, 476.) The medical record also indicates that in November 2018, Plaintiff reported that a previous sympathetic nerve block reduced pain by 70 percent, but she still had pain on the top and ball of her foot. (AR 466, 469.) The ALJ also considered that in November 2018, Plaintiff received multiple steroid injections that reduced her lateral thigh pain by 90 percent by January 2019. (AR 21, 462, 468-69.)

      Based on a review of the entire record, however, the Court concludes that there is not substantial evidence in support of the ALJ's finding of effective treatment — despite the medical excerpts cited by in the decision. Rather, the record reflects that Plaintiff's treatment provided only limited periods of relief from her pain and did not effectively control Plaintiff's pain. Specifically, in January 2019, Plaintiff reported that she had left knee pain for the past one to two months, tenderness of the lateral joint line of the left knee, sensitivity to palpation of the left foot, and used a front-seat walker to ambulate at another visit that month. (AR 21, 464, 536.) During the same visit, Plaintiff reported that her pain ranged from 2/10 to 8/10 in severity and that standing can increase her pain. (AR 462, 465.) Plaintiff also complained on several occasions that her pain could increase from walking or hot weather. (AR 462, 465, 469, 474, 482.) Even when the treatment provided some improvement of Plaintiff's symptoms, the medical evidence consistently shows that she remained in significant pain. (*See, e.g.*, AR 474 (despite a stimulator implant reducing Plaintiff's pain by 50%, Plaintiff reported pain at 4/10), AR 469 (Plaintiff reported pain at 5/10 and had pain on the top and ball of her foot despite a sympathetic nerve block that reduced pain by 70%), AR 462, 465 (despite a steroid injection that reduced Plaintiff's thigh pain, Plaintiff reported that her pain ranges from 2/10 to 8/10), AR 460, 478 (Plaintiff reported significant and complete relief of pain in her lower left leg and foot in May 2018, but one month later she again complained of chronic left foot pain which she rated at 5/10 in severity).) Read in its entirety, the evidence in

the medical record does not support the ALJ's finding that Plaintiff's treatment controlled her pain so effectively that her testimony regarding pain was incredible, and the ALJ erred in relying on this as a basis for discounting Plaintiff's subjective symptom claims. *See Garrison*, 759 F.3d at 1015 (ALJ improperly cited effective treatment as a reason to reject the plaintiff's pain testimony where the treatment provided only partial and temporary relief); *Lopez*, 194 F. Supp. 3d at 911 (ALJ erred in concluding the plaintiff's pain was controlled when the Plaintiff remained in significant pain even after treatment improved her symptoms); *Tritchler*, 2018 WL 6443119, at *5 (ALJ erred in citing evidence of pain management where medication brought pain from 10/10 to 5-7/10 as this does not indicate that the pain was controlled through treatment).

### 3. Daily Activities

Generally, "[e]ngaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim*, 763 F.3d at 1165. Nevertheless, the mere fact that a plaintiff has carried on certain daily activities does not detract from her credibility as to her overall disability. *Orn*, 495 F.3d at 639 (finding that the ALJ's adverse credibility determination was not supported by substantial evidence where the plaintiff could still read, watch television, and use coloring books at home). Many home activities are not easily transferable to the demands of a workplace environment, where it might be impossible to periodically rest or take medication. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Id.* (finding that the ALJ's adverse credibility determination was sufficiently supported by evidence where the claimant claimed to be confined to resting at home, but cared for all his personal needs, performed his own household maintenance and shopping, rode public transportation, and drove his car). An adverse credibility determination

is improper when the claimant engages in limited activities that do not comprise a substantial portion of their day or are not transferable to a work environment. *Ghanim*, 763 F.3d at 1165.

The ALJ found that Plaintiff's daily activities indicated greater function than she alleged. (AR 20-22.) The ALJ explained that Plaintiff reported she had difficulty focusing for long periods of time, but also testified that she "uses a computer, maintains a podcast and blog, uses Facebook and YouTube, and sculpts." (AR 20-22.) Plaintiff argues that her pain levels dictate her level of activity, and these activities are performed in her home at her own pace. (ECF 20 at 7-8, AR 50-51.) Plaintiff also testified that she can only podcast if she feels well enough to do so and records at irregular times without a fixed schedule. (AR 51.)

Unlike in *Fair*, where the claimant could care for all his own personal needs and perform his own household maintenance and shopping chores, the activities here that the ALJ cites in undermining Plaintiff's credibility consist of limited activities that do not comprise a substantial portion of her day and are not transferable to a work environment. *See Ghanim*, 763 F.3d at 1165. For example, Plaintiff uses a computer to browse the Internet at her own pace, depending on her pain levels, and only records her podcast when she feels well enough to do so, at her own pace. It has not been shown that these intermittent activities contradict Plaintiff's subjective claims or are easily transferable to the demands of a workplace environment, where it might be impossible to periodically rest and act at her own pace, as she does with her activities at home. *See Fair*, 885 F.2d at 603.

\* \* \*

Because the ALJ improperly relied on daily activities and effective treatment, insufficiency of the objective medical evidence could not be the sole reason for discounting Plaintiff's subjective claims. *See Burch*, 400 F.3d at 681. As a result, the ALJ erred by failing to provide specific, clear, and convincing reasons to support her decision to discredit Plaintiff's subjective complaints concerning pain and other

symptoms. This error was not harmless. *See, e.g., Brown-Hunter*, 806 F.3d at 492 (finding that the ALJ's failure to adequately specify reasons for discrediting claimant's testimony "will not usually be harmless"). In light of the significant functional limitations reflected in Plaintiff's testimony, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's] testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).[2]

### REMEDY

"When the ALJ denies benefits and the court finds error, the Court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018) (amended). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.*

Although the Court has found error as discussed above, the record is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler,* 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r*

---

[2] In light of this conclusion, the Court declines to resolve Plaintiff's remaining claim regarding past relevant work. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

11

*of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings.[3]

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 7/7/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.